## WASSERMAN v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. May 16, 1907.)

1. CARRIERS—STREET RAILWAYS—TRANSFERS—WHEN DEMAND MUST BE MADE.
    Though a street railway company's rule requiring passengers to demand transfers when they pay their fares is reasonable, it is not essential that the act of paying fare and the demand should occur at the same second of time; and hence, where a conductor did not regard such a demand, on a second demand made within a minute the passenger was entitled to a transfer.

**2. SAME—INADVERTENCE OR MISTAKE—WEIGHT OF EVIDENCE.**

Evidence in an action for refusing a transfer *held* to show the refusal was not made through inadvertence or mistake, but deliberately.

**3. SAME—PLEADING—VARIANCE—TIME.**

In an action against a street railway company, there was no material variance between an allegation that "after having paid his fare the passenger demanded a transfer" and proof that he made the demand "at the time he paid his fare."

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Louis Wasserman against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

William E. Weaver, for appellant.

Simon Rasch, for respondent.

GILDERSLEEVE, P. J. The facts, as testified to by the plaintiff in this case, are fully corroborated by the testimony of three other witnesses, one of whom is entirely disinterested. The plaintiff, his wife, and a friend boarded a north-bound Second Avenue car at Fourteenth street; their destination being 116th street and Lenox avenue. The plaintiff paid the conductor three fares, and immediately asked for transfers for 116th street. No reply being made to his application, after waiting, the plaintiff says, "not even a minute," and some of the witnesses saying "less than a minute," he again asked for transfers. The conductor refused to give them, accompanying his refusal by insulting and abusive language towards the plaintiff, because, as he asserted, he did not ask for transfers when he paid the fares. Upon being assured by all the party that such a request was made, he denounced the plaintiff as a liar, and persisted in his refusal to give the transfers. The plaintiff and his wife and companion thereupon rode to 129th street, and back to Ninety-Sixth street and Second avenue, to the defendant's depot, and there made a complaint to one of the defendant's inspectors, who informed them that they could get no transfers, whereupon the party walked to 116th street, and took a crosstown car to their destination, paying a second fare thereon.

The defendant merely proved the promulgation of a rule requiring passengers to ask for a transfer at the time of paying a fare, and then rested. The defendant now urges, first, that the first demand for a transfer was not heard by the conductor, and that the subsequent demand was made in violation of the rule above stated; second, that the transfers were refused through the inadvertence and mistake of the conductor; and, third, that error was committed by the trial court in permitting the plaintiff to testify to circumstances other than those alleged in the complaint. None of these positions is tenable. The proof shows that the passenger asked for a transfer immediately on paying the fares for the party, and, observing that the conductor did not regard his request, promptly repeated it. Although the reasonableness of the rule above referred to has been sustained (Ketchum

v. N. Y. City Ry. Co. [not yet officially reported] 103 N. Y. Supp. 486), nevertheless it must be held that it is not essential that the act of paying fare and the request for a transfer should occur at the same second of time. It cannot be truthfully said that, under the circumstances established by the proof, the refusal of the conductor was through "inadvertence or mistake"; but, on the contrary, it was a deliberate and persistent refusal. The complaint alleged that "after having paid his fare the passenger demanded a transfer," and it is urged that it was error to allow the plaintiff and his witnesses to testify that he had made such a demand "at the time he paid his fare." This is not such a variance between the pleading and the proof as to be worthy of comment.

Judgment affirmed, with costs. All concur.